[No. 20279.  Department Two.  February 4, 1927.]

The State of Washington *on the Relation of McPherson Bros. Company, Plaintiff,* v. The Superior Court for Okanogan County *et al., Respondents.*[2]

Certiorari to review a judgment of the superior court for Okanogan county, Neal, J., entered September 1, 1926, denying an application for an adjudication of public use and necessity in condemnation proceedings.  Affirmed.

*Peter McPherson, W. C. Gresham* and *J. Henry Smith (P. D. Smith,* of counsel), for plaintiff.

*Johnson & O'Connor, Hartman & Hartman,* for respondents.

Bridges, J.—This is a companion case with *State ex rel. Mc-Pherson Bros. Co. v. Superior Court, ante,* p. 284, 252 Pac. 910, in which we have just written an opinion. The facts are given in the opinion in that case. The relator's contentions in this case are substantially the same as in the other. About the only difference between the two cases is that in that case the bridge company is seeking to actually take certain real property belonging to the relator, whereas in this case there is no direct physical taking of any of relator's property. In fact, in this case the only defendant

[1]Reported in 252 Pac. 705.
[2]Reported in 252 Pac. 910.

was the state. A stipulation was entered into between the bridge company and the state, and the latter has not appeared here and there does not seem to be any controversy between it and the bridge company.

After the commencement of this case McPherson Bros. Company intervened and raised practically the same questions that are discussed in the opinion in the other case. So far as we can see, about the only standing the relator has in this case is the assertion that while none of its property is actually taken, yet its ferry franchise and rights will be greatly reduced in value and its patronage taken away from it, in the event the bridge is built and operated. The bridge company contends that such a damage is not recoverable in a case of this character and that the relator ought to be dismissed out of the case because it is not in a position to raise any objections to the construction of the bridge. That question is not before us. While it has been briefed to some extent by the bridge company, it has not been discussed by the relator. Since we hold that in any and all events the order of necessity made by the court must be affirmed, we do not here decide whether the relator's damage, if any, is such as it can recover in an action of this character. We presume that question will arise upon the subsequent trial with respect to compensation to be paid, and we think it should be left for disposition at that time.

Since the questions raised in this case are the same as those we have disposed of in the other case, it is not necessary for us to do more than affirm the decree of necessity, which we do.

MACKINTOSH, C. J., PARKER, ASKREN, and TOLMAN, JJ., concur.